UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-16-4852-MWF-AFMx                    Date:  August 30, 2016
Title:    WBI, Inc. -v- Zurich America Insurance Company et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                              Court Reporter:
      Rita Sanchez                               Not Reported

      Attorneys Present for Plaintiff:           Attorneys Present for Defendant:
      None Present                               None Present

**Proceedings (In Chambers):**  ORDER RE DEFENDANTS' MOTION TO STAY CASE AND COMPEL ARBITRATION [13]; PLAINTIFF'S MOTION TO REMAND CASE [16]

     Two motions are before the Court.  The first is Plaintiff WBI Inc.'s Motion to Remand Case to Los Angeles Superior Court.  (Docket No. 16).  Defendants American Zurich Insurance Company and Zurich America Insurance Company filed an Opposition, to which Plaintiff filed a Reply.  (Docket Nos. 17, 22).  The second is Defendants' Motion to Stay Case and Compel Arbitration.  (Docket No. 13).  Plaintiff filed an Opposition, to which Defendants filed a Reply.  (Docket Nos. 18, 21).

     The Court has read and considered the papers submitted on the Motions, as well as held a hearing on **August 29, 2016**.

     For the reasons stated below, the Motion to Remand is **GRANTED**.  As the removing party, Defendants have not met their burden of establishing federal jurisdiction.  Because the object of this litigation cannot be reduced to pecuniary terms, the amount in controversy is far too speculative to support diversity jurisdiction.  Furthermore, the amount in controversy cannot take into account any collateral effects on the underlying arbitration.

     The Motion to Stay and Compel Arbitration is **DENIED** *as moot* in light of the Court's decision to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-4852-MWF-AFMx             Date:  August 30, 2016
Title:     WBI, Inc. -v- Zurich America Insurance Company et al.

## I. BACKGROUND

The background facts are not in dispute:

In March 2016, Defendants initiated an action against Plaintiff in American Arbitration Association ("AAA") Case No. 01-16-000-9007, in which Defendants seek to recover over $2 million in damages for alleged breach of a "Paid Deductible Agreement" (the "Agreement"). (Complaint ¶ 6 (Docket No. 1-2); First Amended Arbitration Demand (Docket No. 1-1)). Plaintiff voluntarily submitted to the arbitration pursuant to the arbitration provision in the Agreement. (Complaint ¶ 8).

In April 2016, Plaintiff selected the Honorable Robert W. Thomas (Ret.) as its party-selected arbitrator. (*Id.* ¶ 8). Following Judge Thomas' appointment in May 2016, Defendants filed an objection and sought to disqualify Judge Thomas on the basis of bias and lack of impartiality. (*Id.* ¶¶ 10–12). In June 2016, the AAA's Administrative Review Council ruled in Defendants' favor and disqualified Judge Thomas. (*Id.* ¶ 13).

Plaintiff filed suit in Los Angeles County Superior Court seeking to vacate the AAA's disqualification of Judge Thomas. (*Id.* at 5). Defendants removed the action to federal court on grounds of diversity jurisdiction. (Notice of Removal at 1–2 (Docket No. 1)).

## II. LEGAL STANDARD

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-16-4852-MWF-AFMx | Date: August 30, 2016 |
| Title: WBI, Inc. -v- Zurich America Insurance Company et al. | |

parties do not dispute that there is complete diversity; therefore, the principal issue is whether the amount in controversy meets the jurisdictional requirement.

In cases removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." (citation omitted)).

The Ninth Circuit employs the following framework for determining the amount in controversy on removal. First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If not, the court may consider facts in the removal petition and require parties to submit "summary-judgment-type evidence" relevant to the amount in controversy. *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003).

## III. DISCUSSION

"It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication." *Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir. 1969). In *Rapoport*, the plaintiff filed suit in federal court, on the premise of diversity jurisdiction, seeking a declaration that a divorce decree entered against him in state court was void. *Id.* The Ninth Circuit affirmed the district court's determination that the court lacked federal jurisdiction to hear the case because the amount in controversy had not been met. *Id.* at 44.

The Ninth Circuit first rejected the plaintiff's contention that "a declaration of marital status is worth more than $10,000 to each party" because the declaratory relief affected each party's support obligations. *Id.* at 43. The Ninth Circuit held that the argument failed given the well-established rule that "[w]here a matter in dispute is of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-4852-MWF-AFMx            Date:  August 30, 2016
Title:     WBI, Inc. -v- Zurich America Insurance Company et al.

such a nature as to be incapable of being reduced to a pecuniary standard of value, jurisdiction cannot be predicated on any statute containing an amount in controversy requirement." *Id.* ("A declaration of marital status is patently beyond pecuniary measure.").

The Ninth Circuit also rejected the plaintiff's alternative contention that the adjudication would bear on the parties' interest in real property held in joint tenancy because a valid divorce decree would automatically change the nature of such tenancy. *Id.* at 43–44.  The Ninth Circuit explained that the "only matter directly in controversy was the validity of [the] divorce," and the "property was, at the most, indirectly affected."  *Id.* at 44.

For similar reasons, the Court here concludes that Defendants have failed to meet their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000:

*First*, the value of vacating the AAA's decision and reinstating Judge Thomas as Plaintiff's chosen arbitrator is not easily reducible to pecuniary terms.  *Cf. Sierp v. DeGreen Partners LP*, No. CV-14-02353-PHX-DGC, 2015 WL 464338, at *2 (D. Ariz. Feb. 4, 2015) (holding that request for relief of court-ordered inspection of records and books is not "reducible to a monetary statement" because deciding whether inspection will reveal evidence supporting potential civil claims and how much those claims might be worth would be a "speculative exercise").  To arrive at an estimate of the object of this litigation, the Court would be required to express in monetary terms the value to Plaintiff of having Plaintiff's chosen arbitrator participate as one of the three arbitrators.  The parties wisely do not attempt such a calculation; the Court similarly declines to engage in this speculative exercise.

*Second*, collateral effects on the underlying arbitration cannot be considered in the Court's calculation of the amount in controversy in this declaratory action.  At the hearing, counsel for Defendants argued that the disqualification challenge here has a "material impact" on the underlying arbitration.  It bears repeating that "'whatever the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-16-4852-MWF-AFMx              Date:  August 30, 2016
Title:      WBI, Inc. -v- Zurich America Insurance Company et al.

collateral effects a decree or judgment might have by virtue of *stare decisis,* collateral estoppel, or any other impact on the rights or interests' of the parties to the action or third parties," these effects "cannot be taken into account in calculating the amount in controversy." 14 Charles A. Wright et al., *Federal Practice & Procedure* § 3702.5 (3d ed. & 2016 Supp.) (quoting *Healy v. Ratta*, 292 U.S. 263, 267 (1934)); *see also Quinault Tribe of Indians v. Gallagher*, 368 F.2d 648 (9th Cir. 1966) ("[J]urisdiction depends upon the matter directly in dispute in the particular cause, and the court is not permitted, for the purpose of determining its sum or value, to estimate its collateral effect.").

"[M]erely because there is ultimately an issue involving a great deal of money lurking somewhere in the relationship between the parties is no reason to transform this [action] into a matter involving federal court diversity jurisdiction." *Harvard Real Estate-Allston, Inc. v. KMART Corp.*, 407 F. Supp. 2d 317, 320–21 (D. Mass. 2005) (Massachusetts summary process proceeding cannot be removed to federal court when the landlord did not assert a claim for rent or other monetary damages even if the lease might reflect "a dispute involving millions of dollars, as measured by the difference between the rent stipulated in the lease and the current rental market rate"). The only matter directly in controversy here is whether Judge Thomas should be reinstated. The ultimate merits and adjudication of the underlying arbitration is far too removed to support the Court's consideration of the amount at stake in the arbitration as a basis for diversity jurisdiction. *Madison v. U.S. Bancorp*, No. C-14-4934-EMC, 2015 WL 355984, at *4 (N.D. Cal. Jan. 27, 2015) ("Defendants simply cannot escape the fact that even if this Court were to determine that Madison was owed $100,000 at termination, and further determine that USBI unlawfully failed to pay her that amount in violation of the Labor Code, the $100,000 in owed wages still would not be in controversy here because Madison could never collect them in this action."). Plaintiff's ultimate recovery in the underlying arbitration does not establish that "'the value of the particular and limited thing sought to be accomplished' by *this* action exceeds $75,000." *Hepburn v. Concord Music Grp., LLC*, No. 2:14-CV-09237-CAS, 2015 WL 2084576, at *6 (C.D. Cal. May 4, 2015) (amount in controversy in declaratory relief action cannot include the value of a future suit, which the plaintiff

---

**CIVIL MINUTES—GENERAL**                                               5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-16-4852-MWF-AFMx     Date: August 30, 2016
Title:     WBI, Inc. -v- Zurich America Insurance Company et al.

hopes to assert after the court declares which defendants the plaintiff may sue for copyright infringement).

       The Court's conclusions are further reinforced by the result in this District reached by a district court facing similar facts. *PeriCor Therapeutics, Inc. v. Am. Arbitration Ass'n*, No. CV 13-00049 GAF JCGX, 2013 WL 654123, at *2 (C.D. Cal. Feb. 20, 2013). The parties in *PeriCor* were in ongoing arbitration before the AAA when the defendant objected to the plaintiff's party-selected arbitrator on the grounds of bias and lack of impartiality. *Id.* at *1. The plaintiff filed suit in state court seeking a declaration that the AAA should be precluded from deciding whether to disqualify plaintiff's party-selected arbitrator because of a purported conflict of interest between the AAA and the plaintiff. *Id.* The defendant removed the action to federal court asserting diversity jurisdiction. *Id.*

       In a well-reasoned opinion, the district court granted the plaintiff's motion to remand. *Id.* The district court explained that, "[a]lthough the underlying [arbitration] involves a $140 million breach of contract claim, the injunctive and declaratory relief sought in this action requires the Court to express in monetary terms the value of having a party other than the AAA determine whether Judge Lichtman may properly be appointed as an arbitrator in this case." *Id.* at *2. Furthermore, "the requested injunctive and declaratory relief is several levels removed from the underlying dispute" in the arbitration. *Id.* Therefore, similar to the facts presented here, remand was appropriate in light of the defendant's burden of establishing federal jurisdiction as the removing party as well as the "highly speculative nature of the value of injunctive and declaratory relief" even though millions of dollars were at stake in the underlying arbitration dispute. *Id.* at *3.

       At the hearing, counsel for Defendants argued that *PeriCor* is distinguishable because the AAA had not yet issued an order disqualifying Judge Lichtman. The Court does not interpret the conclusion in *PeriCor* to turn on this distinction. As is evident from the opinion, the district court concluded that the injunctive and declaratory relief sought was unrelated to the merits of the underlying dispute. *Id.* at

**CIVIL MINUTES—GENERAL**     6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-16-4852-MWF-AFMx | Date: August 30, 2016 |
| Title: WBI, Inc. -v- Zurich America Insurance Company et al. | |

\*2. Instead, the decision in *PeriCor* turned on the "highly speculative nature of" "plac[ing] a dollar figure on the value of having a party other than the AAA make the arbitrator appointment determination." *Id.* at \*3.

The cases that Defendants cite are distinguishable because they involve either (1) actions seeking to confirm or vacate an arbitration award; or (2) actions seeking to compel arbitration of the underlying dispute. *See, e.g.*, *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) (amount in controversy in an action to vacate an arbitration award of $0 was determined by the amount at issue in the underlying dispute rather than the amount of the award); *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1097 (C.D. Cal. 2015) (amount in controversy in an action to compel arbitration of claims removed to federal court was determined by the value of the underlying claims). When the object of the litigation in *Theis* was to vacate the arbitration award and reopen the plaintiff's claims in district court rather than arbitration, the amount in controversy appropriately encompassed the amount at stake in the arbitration because the plaintiff had "sought to obtain by its district court complaint substantially what it had sought to obtain in the arbitration." 400 F.3d at 665. And, when the object of the litigation in *CarMax* was to compel the parties to arbitrate, the amount in controversy appropriately included the amount at stake in the potential arbitration. 94 F. Supp. 3d at 1090. If the court did not compel arbitration and the case remained in federal court, the amount at stake in the potential arbitration would translate to the amount in controversy before the federal court.

Although Plaintiff's state court complaint is titled "Petition to Compel Arbitration in Accordance with Parties' Agreement and to Vacate Arbitration Order" (Complaint at 1), the Court is not persuaded by Defendants' argument that, because of this caption, the amount at stake in the arbitration is therefore a part of the amount in controversy for purposes of diversity jurisdiction. (Opposition to Motion to Remand at 2–3). Read in context, the complaint makes clear that Plaintiff seeks judicial intervention to enforce Plaintiff's "right to select an arbitrator of its own choice" "in accordance with the parties' [a]greement" to arbitrate. (Complaint ¶ 14). For the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-4852-MWF-AFMx | Date:  August 30, 2016 |
| Title:      WBI, Inc. -*v*- Zurich America Insurance Company et al. | |

reasons discussed above, the value of enforcing this right is not reducible to pecuniary terms.

As the party invoking federal jurisdiction, Defendants have not met their burden of establishing the amount in controversy.  The object of this declaratory action—reinstatement of Judge Thomas as an arbitrator on the tripartite panel—cannot be reduced to pecuniary terms.  Defendants also cannot rely on the collateral effects on the underlying arbitration to meet the jurisdictional threshold.  Therefore, the Motion to Remand is **GRANTED**.

## V. CONCLUSION

Accordingly, the Motion to Remand is **GRANTED**.  The Motion to Stay and Compel Arbitration is **DENIED** *as moot* without prejudice to Defendants' ability to refile the motion in state court.

The Court **REMANDS** the action to the Superior Court of California for the County of Los Angeles (Case No. BS163343).  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.